# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America *ex rel.* OSAMA ALDAWASMEH, ) ) ) | |
| Petitioner, ) ) ) | No. 06 C 1792 |
| v. ) ) | Judge John W. Darrah |
| UNITED STATES OF AMERICA, ) ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Petitioner Osama Aldawasmeh's Petition for Writ of *Habeas Corpus*, filed pursuant to 28 U.S.C. § 2255. Aldawasmeh brings this Petition on two grounds: first, that his attorney was ineffective in the negotiation of the Plea Agreement; and, second, that Aldawasmeh's sentence violated the Sixth Amendment.

## BACKGROUND

On March 24, 2005, Aldawasmeh entered into a written plea of guilty to a single-count superseding indictment, which charged Aldawasmeh with importing a listed chemical in violation of 21 U.S.C. § 963 and 21 U.S.C. § 960(d)(3). As part of his Plea Agreement, Aldawasmeh waived his right to appeal or contest his sentence under 18 U.S.C. § 3742 and 28 U.S.C. § 2255 (the latter except as to a claim of involuntariness or ineffective assistance of counsel).

The Plea Agreement contemplated that Aldawasmeh would be found to have an adjusted offense level of 35 and criminal history category of I, based on 1 criminal history point for conviction of title and registration possession offenses. The Plea Agreement anticipated that the

Government would request a sentencing reduction of two-thirds of the low end of the applicable sentencing guideline range. Two-thirds of the low end of the applicable guideline range is 108 months in the custody of the Bureau of Prisons. The Plea Agreement was explicit, however, that the guideline calculations included in the Agreement were preliminary and provided in Paragraph 6(h) that:

> The Defendant and his attorney and the Government acknowledge that the above calculations are preliminary in nature and based on facts known to the Government as of the time of this Agreement. The Defendant understands that the Probation Department will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations.

Plea Agreement at ¶ 6(h).

Prior to the sentencing hearing, the Probation Office submitted a Presentence Report ("PSR"). Based on its investigation, the Probation Office concurred with the Plea Agreement that the adjusted offense level applicable to Aldawasmeh was 35 but found that Aldawasmeh had 4 criminal history points because Aldawasmeh had an additional conviction for battery that was not addressed in the Plea Agreement and was on court supervision for that offense when he committed the instant offense. This resulted in a criminal history category of III.

On March 24, 2005, a sentencing hearing was held. At the sentencing hearing, Aldawasmeh's attorney, John Beal, argued that Aldawasmeh should not receive one criminal history point for his conviction for unlawful possession of a vehicle sticker because the offense was analogous to other traffic violations that did not count as criminal history points under the Guidelines. The Court accepted Aldawasmeh's argument and concluded that Aldawasmeh had

only three criminal history points (1 point for the battery conviction and 2 more because he was on court supervision when he committed the instant crime) and, thus, a criminal history category of II.

The Court applied the Federal Sentencing Guidelines, which had an applicable guideline range of 188 to 235 months' imprisonment for an adjusted offense level of 35 and a criminal history category of II. The Government requested a sentencing reduction of two-thirds of the low end of the applicable guideline range, which this Court granted. Accordingly, Aldawasmeh was sentenced to 125 months in the Bureau of Prisons.

## ANALYSIS

Aldawasmeh timely filed a Section 2255 Motion to Vacate, Set Aside, or Correct his sentence on two grounds. Section 2255 provides a means by which a prisoner in federal custody may obtain collateral review of his federal-court imposed sentence. 28 U.S.C. § 2255; *see also Holleman v. United States*, 721 F.2d 1136, 1138 (7th Cir. 1983). Aldawasmeh's Petition challenges his sentence, first, on the ground that his attorney was ineffective in negotiating the Plea Agreement because he allowed Aldawasmeh to sign a Plea Agreement that waived Aldawasmeh's right to appeal under 18 U.S.C. § 3742 and 28 U.S.C. § 2255[1] when there was not an agreement as to Aldawasmeh's ultimate sentence. Second, Aldawasmeh alleges that his sentence violated his Sixth Amendment rights under *Blakley v. Washington*, 542 U.S. 296 (2004) (*Blakely*) and *United States v. Booker*, 543 U.S. 200 (2005) (*Booker*).

---

[1] Appeal pursuant to 28 U.S.C. § 2255 is permitted on the grounds of ineffective assistance of counsel regardless of the appellate waiver.

3

To succeed on his claim of ineffective assistance of counsel, Aldawasmeh must show that: (1) his attorney's performance fell below an objective standard of reasonableness and (2) Aldawasmeh suffered prejudice from the unreasonable performance. *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003) (*Coleman*) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Reasonableness is measured under the standard of professional norms. *Coleman*, 318 F.3d at 760 (citation omitted). "To meet the prejudice prong, [Aldawasmeh] must show that but for counsel's error, the results would have been different." *Coleman*, 318 F.3d at 760 (citation omitted). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland v. Washington*, 466 U.S. 668, 697 (1984)).

Aldawasmeh's ineffective assistance of counsel argument fails. Aldawasmeh has not demonstrated that his lawyer, Beal, acted unreasonably by allowing Aldawasmeh to agree to the collateral waiver even though the Plea Agreement did not dictate the specific term of imprisonment. The Government asserts that it would not and could not agree to a Plea Agreement that set the terms of imprisonment, as that is the function of the Court. Nor has Aldawasmeh demonstrated that he suffered prejudice. He has not suggested that he is, in fact, not guilty of the crime to which he pled nor that the PSR incorrectly stated his criminal history. Aldawasmeh was undoubtedly aware that he had two prior criminal convictions and that the Plea incorrectly calculated his criminal history when he signed the Plea Agreement. Finally, the Plea Agreement explicitly warned Aldawasmeh that the calculations were preliminary. In fact, the agreed upon preliminary nature of the criminal history calculations benefitted Aldawasmeh; the Court, at sentencing, adjusted the calculations of his criminal history category and did not count

the criminal history point for the vehicle sticker offense, which was part of the Plea Agreement accepted by Aldawasmeh.

Aldawasmeh's Sixth Amendment argument also fails. Aldawasmeh argues that his sentence violated *Booker* and *Blakely* because his sentence was improperly enhanced when the Court calculated his criminal history category, without a jury finding or an admission by Aldawasmeh, to include the domestic battery and a finding that Aldawasmeh committed the instant offense while he was serving a period of probation for commission of a domestic battery. Aldawasmeh has waived this argument. The Seventh Circuit has repeatedly held that a voluntary and knowing waiver of an appeal is valid and must be enforced. *United States v. Nave*, 302 F.3d 719, 720 (7th Cir. 2002) ("It is well-settled that Defendants can waive constitutional and statutory rights in plea agreements."). Appellate and 2255 waivers identical to those included in Aldawasmeh's plea agreement are enforceable. *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005). Further, even if Aldawasmeh's argument were not waived, it would fail. Aldawasmeh does not argue that the Court incorrectly calculated his criminal history category (in fact, he explicitly admits that he was on probation during the commission of the instant offense for the domestic violence battery), nor does he seek to withdraw his Plea Agreement. Such facts do not support his Sixth Amendment argument. *United States v. Roche-Martinez*, - - F.3d - -, 2006 WL 2972698, *4 (7th Cir. 2006) ("A sentence that is properly calculated under the sentencing guidelines is presumptively reasonable."). Aldawasmeh further asserts that his counsel was in effective for failing to protect his rights under *Blakely* and *Booker*. Again, for the reasons set out above, Aldawasmeh's attorney's conduct as counsel was not ineffective; and Aldawasmeh's argument fails.

## CONCLUSION

For the foregoing reasons, the Petition for Writ of *Habeas Corpus* is denied.

Dated: October 30, 2006

JOHN W. DARRAH
United States District Court Judge