# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| United States of America *ex rel.* | ) | |
| OSAMA ALDAWASMEH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 06 C 1792 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Osama Aldawasmeh, seeks a certificate of appealability following the denial of his petition for a writ of *habeas corpus* by this Court on October 30, 2006.

## BACKGROUND

Before this Court, and on October 7, 2004, Aldawasmeh entered into a written plea of guilty to a single-count superseding indictment, which charged Aldawasmeh with importing a listed chemical in violation of 21 U.S.C. § 963 and 21 U.S.C. § 960(d)(3). The Plea Agreement contemplated that Aldawasmeh would be found to have an adjusted offense level of 35 and a criminal history category of I, based on 1 criminal history point for unlawful possession of a vehicle sticker. The Plea Agreement was explicit, however, that the guideline calculations included in the Agreement were preliminary and that the Court's concurrence with the above calculations was not a condition of his Plea. Plea Agreement at ¶ 6(h). The Plea Agreement provided a sentence of two-thirds of the low end of the guideline range.

Prior to the sentencing hearing, the Probation Office submitted a Presentence

Investigation Report ("PSR"), which stated that Aldawasmeh had an additional conviction for battery that was not addressed in the Plea Agreement and was on court supervision for that offense when he committed the instant offense.

On March 24, 2005, a sentencing hearing was held. At the sentencing hearing, Aldawasmeh's attorney, John Beal, argued that Aldawasmeh should not receive one criminal history point for his conviction for unlawful possession of a vehicle sticker because the offense was analogous to other traffic violations that did not count as criminal history points under the Guidelines. The Court accepted Beal's argument and concluded that Aldawasmeh had three criminal history points (one point for the battery conviction and two more because he was on court supervision when he committed the instant crime) and, thus, a criminal history category of II. The Government requested a sentencing reduction of two-thirds of the low end of the applicable guideline range, which this Court granted; and Aldawasmeh was sentenced to 125 months in the Bureau of Prisons.

On March 31, 2006, Aldawasmeh filed a *habeas* petition, which challenged his sentence, first, on the ground that his attorney was ineffective in negotiating the Plea Agreement because he allowed Aldawasmeh to sign a Plea Agreement that waived Aldawasmeh's right to appeal under 18 U.S.C. § 3742 and 28 U.S.C. § 2255[1] when there was not an agreement as to Aldawasmeh's ultimate sentence; and, second, on the ground that his sentence violated his Sixth Amendment rights under *Blakley v. Washington*, 542 U.S. 296 (2004) (*Blakely*), and *United States v. Booker,* 543 U.S. 200 (2005) (*Booker*). The determination of Aldawasmeh's criminal

---

[1] Appeal pursuant to 28 U.S.C. § 2255 is permitted on the grounds of ineffective assistance of counsel regardless of the appellate waiver.

history category does not implicate the *Booker/Blakely* analysis, as the "sentencing court is entitled to classify and take into account the nature of a defendant's prior convictions, provided that the judge does not engage in factfinding about what the accused did (as opposed to what crime he has been convicted of)." *United States v. Carpenter*, 406 F.3d 915, 917 (7th Cir. 2005).

In a written opinion dated October 30, 2006, this Court considered Aldawasmeh's petition on the merits and denied it.

## ANALYSIS

Seventh Circuit Rule 22(b) states: "In a *habeas corpus* proceeding in which detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a district judge issues a certificate of appealability under 25 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue . . . ." Seventh Cir. Rule 22(b). Petitions for writs of *habeas corpus* may be dismissed on procedural grounds, or a court can reach the merits of the petitioner's claims. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is . . . The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

With regard to Aldawasmeh's ineffective assistance of counsel claims, reasonable jurists

3

would not find the Court's assessment of those claims debatable. Aldawasmeh failed to present any credible evidence that his lawyer acted unreasonably by allowing Aldawasmeh to agree to the collateral waiver even though the Plea Agreement did not dictate the specific term of imprisonment.

Regarding his Sixth Amendment claim, Aldawasmeh waived this claim by entering into the Plea Agreement. However, even if Aldawasmeh's claim were not waived, reasonable jurists would not find debatable the Court's assessment that the Sixth Amendment claim should be denied on the merits.

## CONCLUSION

Based on the above, Aldawasmeh's application for a certificate of appealability is denied.

Dated: 2/22/07

JOHN W. DARRAH
United States District Court Judge